# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-20782
Summary Calendar

WILLIE JAMES MITCHELL, JR

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-3059

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Willie James Mitchell, Texas prisoner # 1148418, appeals the district court's denial of his 28 U.S.C. § 2254 petition, challenging his guilty plea conviction for aggravated assault with a deadly weapon. The district court granted a certificate of appealability concerning the following claims: (1) Mitchell's trial counsel was ineffective in that he erroneously advised Mitchell that his best chance for being sentenced to community supervision

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

would be to plead guilty to aggravated assault with a deadly weapon; and (2) trial counsel failed to advise Mitchell concerning his parole eligibility.

Mitchell argues that his counsel was ineffective in that he advised him to reject the State's first plea offer of 15 years for pleading guilty to burglary of a habitation and incorrectly advised him that he had a chance of receiving community supervision if he entered an open plea to the offense of aggravated assault with a deadly weapon. The state habeas court determined that under Texas law, Mitchell was eligible for deferred adjudication community supervision at the time he pleaded guilty and, therefore, Mitchell's counsel did not misadvise him about the possibility of being sentenced to deferred adjudication community supervision; the Texas Court of Criminal Appeals denied Mitchell's application based on these findings. In a federal habeas case, we do not review a decision of the state's highest court interpreting its own state law. Weeks v. Scott, 55 F.3d 1059, 1063 (5th Cir. 1995). Because Mitchell's counsel correctly advised him that he was eligible for deferred adjudication community supervision at the time he pleaded guilty, the district court did not err in determined that counsel's performance was not deficient. See Strickland v. Washington, 466 U.S. 668, 689-94 (1984).

Mitchell argues that his counsel was ineffective in that he failed to advise him concerning his parole eligibility for both burglary of a habitation and aggravated assault with a deadly weapon. Neither the Supreme Court nor this court has held that a counsel's failure to advise a defendant regarding parole eligibility amounts to ineffective assistance of counsel. See Hill v. Lockhart, 474 U.S. 52, 54-55, 60; James v. Cain, 56 F.3d 662, 667 (5th Cir. 1995). Further, Mitchell has not shown that he was prejudiced by his counsel's alleged error. He argues that if he had been informed of his parole eligibility, he would have accepted the State's 15 year plea bargain for a guilty plea for burglary of a habitation. However, under Hill, a petitioner must show that but for counsel's error, he would not have pleaded guilty and would have insisted on going to

trial. See Hill, 474 U.S. at 60. Mitchell does not argue that, had he been advised correctly concerning his parole eligibility, he would not have pleaded guilty and instead would have insisted on proceeding to trial. If he had not pleaded guilty and insisted on going to trial for the burglary of a habitation offense, he would have faced a minimum sentence of 15 years and a maximum sentence of life imprisonment. See TEX. PENAL CODE §§ 12.42(c)(1), 30.02(d). Mitchell has identified no "special circumstances that might support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty." See Hill, 474 U.S. at 60; see also Czere v. Butler, 833 F.2d 59, 63-64 (5th Cir. 1987). Therefore, the district court did not err in denying this claim because Mitchell had not shown that he was prejudiced by his counsel's failure to advise him regarding his parole eligibility. See Hill, 474 U.S. at 60; see also Czere, 833 F.2d at 63-64. The district court's judgment is AFFIRMED.